IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RESERVATIONS UNLIMITED
*et al.*,

    Plaintiffs,

vs.                                                                 Civ. No. 19-1061 KG/KK

NEWTEK SMALL BUSINESS
FINANCE,

    Defendant.

## ORDER GRANTING MOTION TO REOPEN DISCOVERY

THIS MATTER is before the Court on Plaintiffs' Motion to Reopen Discovery and Extend Discovery Deadline (Doc. 48) ("Motion"), filed June 17, 2021. Defendant filed a response in opposition to the Motion on July 1, 2021, (Doc. 49), and Plaintiffs do not intend to file a reply. (Doc. 52.) Having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, the Court FINDS that Plaintiffs' Motion is well taken and should be GRANTED as set forth below.

Plaintiffs' Motion arises out of written discovery requests Plaintiffs served on Defendant on May 17, 2021. (Doc. 48 at 1.) These requests were plainly untimely because discovery closed on May 17, 2021; discovery was to be *completed* on or before that date; and, Defendant was entitled to 30 days to respond to the requests. (Doc. 33 at 2 & n.2); Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 36(a)(3). Thus, in an Order Granting in Part and Denying in Part Motion for Protective Order and Expenses, the Court prohibited Plaintiffs from taking discovery pursuant to their May 17, 2021 written discovery requests. (Doc. 45 at 3.) However, the Court did so without prejudice to Plaintiffs' ability to file a properly supported motion to reopen discovery by June 17, 2021. (*Id.*) Plaintiffs' Motion timely followed.

In their Motion, Plaintiffs ask the Court to reopen discovery for the sole purpose of allowing them to obtain discovery from Defendant pursuant to the requests they served on May 17, 2021. (Doc. 48 at 4-5.) In support of this request, Plaintiffs argue that: (1) "[t]here have been no previous continuances of the deadline for discovery"; (2) there is currently no trial setting in this matter; (3) the requested relief would not prejudice Defendant or unfairly advantage Plaintiffs; (4) the discovery sought is likely to lead to admissible evidence; (5) Plaintiffs fully responded to Defendant's written discovery and also participated in a deposition; and, (6) Plaintiffs' counsel have been honest about the fact that they calendared the deadline "incorrectly as the deadline for discovery to be propounded and not for it to be responded to by each party." (*Id.* at 3-4.)

In its response, Defendant counters that the Court should deny Plaintiffs' Motion because: (1) Plaintiffs have not been diligent in taking discovery; (2) Plaintiffs have not adequately explained their failure to take discovery before the deadline expired; (3) Defendant opposes the requested relief; (4) Defendant will be unfairly prejudiced if Plaintiffs are allowed to take discovery after Defendant has already filed a motion for summary judgment; (5) Plaintiffs' need for written discovery was wholly foreseeable; and, (6) Plaintiffs have failed to show that the discovery requests at issue will lead to relevant evidence.[1] (Doc. 49 at 6-10.)

In general, the Federal Rules of Civil Procedure "should be construed . . . to secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, with a preference for "decisions on the merits." *Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002).

---

[1] Confusingly, Defendant argues that the discovery Plaintiffs seek must be not "merely admissible" but also "relevant." (Doc. 49 at 9 (emphases omitted).) In so arguing, Defendant appears to suggest that "admissible" evidence is not necessarily "relevant." (*Id.*) In fact, at a minimum, evidence must be relevant to be admissible. Fed. R. Evid. 402.

Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[E]xcusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (quotation marks omitted). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Such circumstances include:

> (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith.

*Est. of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 632 (D.N.M. 2013).

If the Court finds that there is excusable neglect for a party's failure to timely move to modify a scheduling order, it must then determine whether good cause exists to support the requested modification. *McNeese v. United States*, No. CV 17-1164 KWR/KK, 2020 WL 619171, at *5 (D.N.M. Feb. 10, 2020); Fed. R. Civ. P. 16(b)(4). To demonstrate good cause under Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadlines." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009). In deciding whether to modify a scheduling order to reopen discovery, courts should consider "several relevant factors," including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Whether to reopen discovery is within the Court's discretion. *See id.*

Considering each of the overlapping *Estate of Anderson* and *Smith* factors in turn, the Court first finds that granting Plaintiffs' Motion would not prejudice Defendant or unfairly advantage Plaintiffs. *Est. of Anderson*, 291 F.R.D. at 632; *Smith*, 834 F.2d at 169. In the unlikely event that Defendant learns of additional facts supporting its summary judgment motion in the course of providing information to Plaintiffs, it can certainly move to reopen any pertinent deadlines that have expired. Meanwhile, however, there have been no prior discovery extensions; Plaintiffs' requests were served only 30 days late; trial has not even been scheduled; and, granting Plaintiffs' Motion will have little if any impact on the timely resolution of this case. *Est. of Anderson*, 291 F.R.D. at 632; *Smith*, 834 F.2d at 169; *see also McNeese*, 2020 WL 619171 at *6 ("[A] trial that has not yet been set cannot be characterized as imminent."). Each of these factors weighs heavily in favor of granting Plaintiffs' Motion.

The Court agrees that Plaintiffs' reason for serving its written discovery requests out of time is "barely excusable." *Est. of Anderson*, 291 F.R.D. at 636. However, Defendant does not dispute that Plaintiffs "fully responded to [Defendant's] discovery requests and also participated in a deposition," and thus diligently participated in discovery to that extent. (Doc. 48 at 4; *see generally* Doc. 49.) Moreover, the Court finds that Plaintiffs' counsel have been honest about their calendaring error and acted in good faith, albeit neglectfully, in serving written requests on the last day of discovery. *Est. of Anderson*, 291 F.R.D. at 632; *Smith*, 834 F.2d at 169. These factors weigh slightly in favor of granting Plaintiffs' Motion.

That Defendant opposes Plaintiffs' request to reopen discovery weighs against granting the request. *Smith*, 834 F.2d at 169. Another factor weighing against granting Plaintiffs' Motion is

4

Plaintiffs' concession that the need for the discovery they seek was foreseeable before the discovery deadline expired. *Id.*; (Doc. 48 at 4.) However, the discovery sought is, as Defendant acknowledges, "primary discovery to support [Plaintiffs'] claim[s]," (Doc. 49 at 9), and it is therefore highly likely to lead to relevant evidence. *Smith*, 834 F.2d at 169. Particularly in light of the Court's preference for cases to be decided on the merits, this factor weighs in favor of reopening discovery. *Foman*, 371 U.S. at 181-82; *McBride*, 281 F.3d at 1104. After carefully weighing all of the foregoing factors, the Court in its discretion concludes that the balance tips in favor of granting Plaintiffs' Motion.

      IT IS THEREFORE ORDERED that Plaintiffs' Motion to Reopen Discovery and Extend Discovery Deadline (Doc. 48) is GRANTED. Discovery in this matter is reopened for the sole purpose of allowing Plaintiffs to obtain discovery from Defendant pursuant to the written discovery requests they served on May 17, 2021. Defendant shall serve responses and objections (other than on grounds of timeliness) to these requests no later than **Monday, August 23, 2021**.

      IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE